IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-21-76-15-SLP |
| | ) | |
| JOSHUA HAMILTON RYAN, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion to Reduce Sentence [Doc. No. 683].
Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and
Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.).  The Government
has filed a Response [Doc. No. 688] and opposes the requested relief.  The Court has further
reviewed the Probation Office's Preliminary Report for Consideration of Sentence
Reduction Based on Amendment 821 [Doc. No. 686].

I.    **Background**

On March 2, 2022, Defendant pled guilty to drug conspiracy in violation of 21
U.S.C. § 846.  Doc. Nos. 301, 302, 303.  On March 16, 2023, the United States Probation
Office filed its Final Presentence Investigation Report (PSR).  Doc. No. 463.  The PSR
calculated a base offense level of 36, plus a two-point enhancement because the
methamphetamine involved in the offense was unlawfully imported from Mexico.  PSR at
¶¶ 35-36.  This resulted in an adjusted offense level of 38.  *Id.*, ¶ 40.  After applying a three-
level reduction for acceptance of responsibility, the PSR calculated a total offense level of

35. *Id.*, ¶¶ 42-44.

The PSR calculated a criminal history score of ten. *Id.*, ¶ 64. Two additional points (status points) were added because Defendant committed the offense while under a criminal justice sentence. *Id.*, ¶ 65. A criminal history of twelve established a criminal history category of V. *Id.*, ¶ 66. Combining Defendant's total offense level of 35 and criminal history category of V, the PSR recommended a guideline range of 262 to 327 months' imprisonment. *Id.*, ¶ 103.

On April 26, 2023, the Court adopted the PSR without change. Doc. No. 521 at 1. The Court then departed downward and sentenced Defendant to 96 months' imprisonment. Doc. Nos. 518, 520 at 2.

## II.   Governing Standard

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a)

factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

### III.  **Analysis**

Part A of Amendment 821 reduces the assigned number of status points to either one (if the defendant had seven or more criminal history points) or zero (if the defendant had fewer than seven criminal history points).  Application of the amendment here reduces Defendant's criminal history score from twelve to eleven.  But even with this reduction, Defendant's criminal history category remains a V, and his guideline range remains unchanged, i.e., 262 to 327 months' imprisonment.  Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2).  *See* U.S.S.G. § 1B1.10(a)(2)(B).

### IV.  **Conclusion**

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence.  *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion to Reduce Sentence [Doc. No. 683] is DISMISSED.

IT IS SO ORDERED this 13th day of November, 2024.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE